FILED
United States Court of Appeals
Tenth Circuit

February 11, 2011

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

CHARLES RAMOS, JR.,

     Plaintiff-Appellant,

v.

MS. JERI D. SHEPHERD; MR. JAMES F.
HARTMANN; MR. A.M. DOMINGUEZ, JR.;
and MR. LEON WIKOFF,

     Defendants-Appellees.

No. 10-1497
(D.C. No. 1:10-CV-01660-ZLW)
(D. Colo.)

---

## ORDER[*]

---

Before **LUCERO**, **SEYMOUR** and **GORSUCH**, Circuit Judges.

---

Petitioner Charles Ramos, Jr., a Colorado state prisoner appearing *pro se*,

appeals the district court's dismissal without prejudice of his civil rights action.

Mr. Ramos also seeks leave to proceed *in forma pauperis*. We exercise

jurisdiction under 28 U.S.C. § 1291 and liberally construe Mr. Ramos's filings.

*See Haines v. Kerner*, 404 U.S. 519, 520 (1972). We deny Mr. Ramos's motion

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to proceed *in forma pauperis*, as he fails to present a non-frivolous argument on appeal, and we dismiss the appeal.

Mr. Ramos is a prisoner in the custody of the Colorado Department of Corrections, and is currently incarcerated in Sterling, Colorado. He filed this action under 42 U.S.C. § 1983 against the deputy public defender who represented him, the deputy district attorneys who prosecuted him, and the Weld County sheriff's deputy who testified at his criminal proceedings, claiming their actions violated his rights to due process and equal protection. He alleges the sheriff's deputy gave perjured testimony, and that the remaining defendants improperly failed bring the perjured testimony to the court's attention. He makes other claims of ineffective assistance of counsel as well.

The district court dismissed Mr. Ramos's suit pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). It held that because Mr. Ramos has not yet invalidated his conviction or sentence on appeal or by post-conviction proceeding, his complaint was barred by *Heck*. Mr. Ramos has appealed the district court's order. He also seeks leave to proceed without prepayment of fees.

In *Heck*, the Court held that a claim "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . is not cognizable under § 1983" until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

-2-

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (citation omitted). As a result, the Court explained,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.

Mr. Ramos denies that this suit is an attack on the validity of his sentence. He argues instead that his illegal sentence "is only a symptom of the injuries done by the defendants" through the allegedly-perjured testimony, and that he seeks relief for the constitutional injury, not for the sentence. Aplt. Br. at 3. But the plaintiff in *Heck* did not seek release from custody; he instead sought "among other things, compensatory and punitive monetary damages." *Heck*, 512 U.S. at 479. Despite Mr. Ramos's arguments to the contrary, his suit is precisely of the kind barred by *Heck*. There is no evidence that his conviction has been reversed, expunged, declared invalid, or called into question. Additionally, a judgment in favor of Mr. Ramos in the case before us would certainly "imply the invalidity of his conviction or sentence." *See id.* at 487. As a result, the district court properly dismissed Mr. Ramos's suit.

Mr. Ramos notes in his appeal that he is currently challenging his sentence

in the Colorado court system. *See* Aplt. Br. at 3. Because this action is dismissed without prejudice, Mr. Ramos may subsequently choose to refile his § 1983 claim if he ultimately prevails in the Colorado courts or by seeking alternative methods of relief. For now, however, Mr. Ramos may not pursue this § 1983 suit.

To proceed *in forma pauperis* on appeal, Mr. Ramos "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see also* 28 U.S.C. § 1915(a). Even construing Mr. Ramos's arguments liberally, he has failed to present a nonfrivolous argument on appeal. We therefore **DENY** his request to proceed *in forma pauperis*[1] and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1] Mr. Ramos is obligated to make immediate payment of the unpaid balance due.